**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRY WILSON,

*Plaintiff*,

v.

BENNY NAPOLEON,

*Defendant*.
______________________________/

CASE NO. 10-CV-13396

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT AND DISMISSAL**
(Doc. 12)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

## II. REPORT

### A. Introduction & Procedural History

Pursuant to Administrative Order 11-AO-021 of the U.S. District Court for the Eastern District of Michigan, this prisoner civil rights action alleging claims under 42 U.S.C. § 1983 was reassigned to this magistrate judge on April 18, 2011. Before the Court is Defendant's Motion for Judgment and Dismissal, which was filed on November 19, 2010, and which asserts that the case is subject to dismissal under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. (Doc. 12.) Plaintiff responded to the motion (Doc. 17), and on October 18, 2011, following a stay in the case, the undersigned filed a Report and Recommendation ("R&R") suggesting that the motion be granted. (Doc. 47.)

On November 9, 2011, United States District Judge David M. Lawson appointed two attorneys to represent Plaintiff Wilson (Doc. 50) and vacated the R&R. (Doc. 52.) On March 5, 2012, counsel for Plaintiff filed a second response to the motion. (Doc. 57.) Defendant filed a reply on March 26, 2012. (Doc. 59.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for consideration without oral argument.

**B. The Complaint**

Plaintiff's complaint arises from a period of incarceration in the Wayne County Jail in August 2010. The complaint lists the following conditions and alleges that each constitutes a violation of the Eighth Amendment to the U.S. Constitution: (1) no medical treatment; (2) black mold in the showers; (3) mice and insects in the cell blocks; (4) cold food; (5) no exercise; (6) tuberculosis "spread through the jail"; (7) human feces on the walls; (8) backed up toilets; (9) phone calls not allowed; (10) no access to a law library; (11) poor lighting; (12) lack of fresh air; (13) no access to a copy machine or copy paper; (14) no dental treatment; (15) no grievance procedure; (16) no eating utensils; (17) no clean changes of clothing; (18) no cleaning supplies; (19) no clean sheets or towels; (20) interference with legal mail; (21) no commissary; and (22) not allowed to wear a medically-necessary eye patch. (Compl., Doc. 1 at 1-4.) As relief, Plaintiff seeks ten million dollars. (*Id*. at 5.) Wayne County Sheriff Benny Napoleon is named as the sole defendant. (*Id.* at 1.) Plaintiff is seeking one hundred million dollars in damages. (Civil Cover Sheet, Doc. 1 at 5.)

**C. Motion Standards & Governing Law**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss brought under Rule 12(b)(6) of

the Federal Rules of Civil Procedure "tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's ("PLRA") mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id*. at 90. The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

**D. Defendant's Motion**

Defendant Napoleon raised the affirmative defense of failure to exhaust administrative remedies in his answer to the complaint (Doc. 10 ¶¶ 14-15) and in the motion that is before the Court. (Doc. 12.) In support of the motion, Defendant has provided the Court with an affidavit from Renee D. Newell, the compliance administrator for the jail, stating that no written complaint or grievance was ever received from Plaintiff relating to his August 2010 period of incarceration.[1] (Doc. 12 at Ex. B.)

**1. Whether Plaintiff Was Required to Exhaust Administrative Remedies**

In their response to Defendant's motion, counsel for Plaintiff first assert that Plaintiff was not required to exhaust administrative remedies because the PLRA does not apply in cases where a plaintiff files a prisoner civil rights claim after he is released from prison. (Pl.'s Br. in Supp. of Mot., Doc. 57 at 7.) Counsel is of course correct that the statute's unambiguous statement that a prisoner civil rights action may not be brought by "a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted" limits its reach to persons confined at the time the suit is brought. 42 U.S.C. § 1997e(a). Thus, courts have held that a "plaintiff's status as a prisoner for purposes of the statute is determined at the time he files suit," and "'the confinement status of the plaintiff[] at any time after the lawsuit is filed is beside the point.'" *Siler v. Baldwin*, No. 08-15077, 2011 WL 6371012, at *3-*4 (E.D. Mich. Dec. 20, 2011) (citing *Cox v. Mayer*, 332 F.3d 422, 424 (6th Cir. 2003), and quoting *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000)).

[1]The Court may take judicial notice of the jail records regarding exhaustion without converting the motion into one for summary judgment. *See Russell v. Tribley*, No. 2:10-CV-14824, 2011 WL 4387589, at *3 (E.D. Mich. Aug. 10, 2011) (citing *Bradfield v. Correctional Medical Servs.*, No. 1:07-cv-1016, 2008 WL 5685586, at *4-*5 (W.D. Mich. July 3, 2008) (citing cases); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006)).

Counsel for Plaintiff contend that Plaintiff was not incarcerated at the time he brought this suit. They assert that Plaintiff was released from the Wayne County Jail on August 23, 2010, and point to the fact that this case was not entered on the Court's docket until August 25, 2010. (*Id*.) In support of the assertion that Plaintiff was released on the 23rd, counsel cites an affidavit from Jeriel Heard, Wayne County Director of Jails, wherein Heard stated that he was responsible for conditions of confinement at the jails and therefore had personal knowledge relating to Plaintiff's allegations of black mold, infestation, sanitation, disease breakouts, and lack of library access and medical care. (Heard Aff., Doc. 57, Ex. B ¶¶ 4-9.) Heard's affidavit included an introductory sentence stating that Heard "was the Director of Jails at the time of the first confinement" of "Terry D. Wilson, which began on August 18, 2010 - August 23, 2010 . . . ." (Heard Aff., Doc. 57, Ex. B ¶ 3.)

Defendant counters that the PLRA's exhaustion requirement applies to Plaintiff's complaint because Plaintiff was "**in fact** incarcerated from the date of August 18, 2010 (at 17:21 hrs) thru the date of August 25, 2010 (at 17:55 hrs) at the Wayne County Jail." (Def.'s Reply, Doc. 59 at 1-2 (emphasis in original).) In support of this, Defendant has provided an affidavit from Wayne County Jail Sergeant Eric Troszak, who is "responsible for the computer records and review for the intake and release of prisoners at the Wayne County Jail." (Troszak Aff., Doc. 59, Ex. C ¶ 3.) Sgt. Troszak avers that Plaintiff Terry D. Wilson was released from the jail on August 25, 2010, at 17:55 hours. (*Id*. ¶ 6.)

In addition, counsel for Defendant has provided a Wayne County Jail System "History of Inmate Report" for Plaintiff Terry Wilson. (Doc. 59 at Ex. B.) The form shows that Plaintiff was arrested by the "Detroit PD" and booked into the jail at "1718," or 5:18 p.m., on August 18, 2010.

(*Id*.) It states that Plaintiff was released at "1755," or 5:55 p.m., on August 25, 2010, and that Plaintiff was incarcerated for a total of 7 days and 37 minutes. (*Id*.) The form also shows the crime with which Plaintiff was charged and the date and time of his court appearance, which was August 25, 2010, at 9:00 a.m. (*Id*.) There is also a "note" stating: "Personal bond 8/25/2010, Judge McCree." (*Id*.)

I suggest that Sgt. Troszak's affidavit and the inmate history report clearly establish that Plaintiff was not released until 5:55 p.m. on August 25, 2010, and that Heard's ambiguous statement that Plaintiff's incarceration "began on August 18, 2010 - August 23, 2010" does not suffice to create a disputed issue of material fact. Heard's affidavit was focused on Plaintiff's claims of unconstitutional conditions of confinement, was given at a time when Plaintiff's release date was not an issue, and, most importantly, does not state that Plaintiff was released on the 23rd. The History of Inmate Report, however, contains detailed information demonstrating that Plaintiff was released after his court hearing on August 25, 2010.

Moreover, in addition to the affidavit and jail report, I suggest there is further evidence of Plaintiff's incarceration at the time of filing suit: (1) Plaintiff's own statement in his complaint that he is "presently in the Wayne County Jail" (Compl. at 1); (2) Plaintiff's request in the complaint that the Court make the required copies of the complaint because the jail was refusing to make copies or provide him with carbon paper; (3) the fact that the address Plaintiff listed as his current address on the complaint was the address of the Wayne County Jail: 525 Clinton St., Detroit, Michigan, 48226 (*see* http://www.co.wayne.mi.us/contactus.htm); and (4) Plaintiff's explanation that he "smuggle[d] his mail out of the jail by the other inmates being released on bail/bond . . . ." (Doc. 17 at 5.)

Accordingly, I suggest that Plaintiff's complaint it is subject to the mandatory precondition of exhaustion set forth in the PLRA because the complaint was filed while Plaintiff was incarcerated.

**2. Whether Administrative Remedies Were "Available" to Plaintiff**

The PLRA states that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail . . . until *such administrative remedies as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

**a. Claim of No Access to Grievance Procedure**

**i. Parties' Arguments**

Counsel for Plaintiff assert that there were no administrative remedies available to Plaintiff because, "[d]espite his repeated requests, Plaintiff was not provided with any regular paper, carbon paper or pens with which he could write a grievance." (Doc. 57, Br. at 9.) This argument, I suggest, is not worthy of consideration where, earlier in their brief, counsel for Plaintiff clearly state that Plaintiff brought his own paper and pen into the jail. (*Id*. at 5.)

Counsel further allege that "the Jail Staff also refused to supply Plaintiff with envelopes or stamps and they intentionally interfered with Plaintiff's outgoing mail." (*Id*. at 9.) They assert that the affidavit from Renee Newell, the jail's compliance administrator, stating that all jail inmates receive a copy of the grievance policy upon being first admitted (Doc. 12 at Ex. B) is "meaningless" because Newell "has no first-hand knowledge whatsoever of whether the grievance procedures and policies, or even a pen and paper, were made available to Plaintiff." (Doc. 57, Br. at 9.) Further, counsel for Plaintiff argue that the "fact that there are allegedly no grievances in Plaintiff's file from the time period in question does not defeat Plaintiff's assertions that Plaintiff

made repeated requests and inquiries of the grievance procedures which were ignored by the Jail Staff." (*Id*.) They also allege that "Plaintiff sent letter grievances directly to Defendant" within the time period allowed for complaining about an incident, and that these "letter grievances" satisfy the exhaustion requirement. (*Id*. at 10.)

Defendant responds (Doc. 59 at 3) by pointing to *Jones v. Smith,* 266 F.3d 399 (6th Cir. 2001), where the Sixth Circuit held that a prisoner cannot avoid dismissal for failure to satisfy the mandatory exhaustion requirement by merely asserting that he was denied a grievance form. *Id.* at 400.

**ii. Discussion**

In prisoner civil rights suits, failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). In this case, Defendant Napoleon has raised the issue and provided evidence in support of his position in the form of an affidavit from the jail's compliance officer averring that no grievance or complaint was ever received from Plaintiff relating to his August 2010 incarceration. (Doc. 12 at Ex. B.) Plaintiff has not refuted this affidavit with any evidence of his own, other than his bare allegation that "jail staff" refused or ignored his requests to avail himself of the grievance procedure. However,

> [a] prisoner cannot claim that he exhausted a grievance simply because he did not receive a form. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). In order to have a court determine that prison staff prevented a prisoner from exhausting a grievance, the prisoner must show that he made attempts to secure a grievance form, that there was no other source for the form, and that he attempted to file the grievance without a form. *Id*. *See Martin v. Johnson*, 72 Fed. Appx. 256, 257-58 (6th Cir. 2003) (prisoner does not establish exhaustion by claiming that he requested a grievance form but did not receive it); *Kennedy v. Wurth,* 36 Fed. Appx. 553, 554 (6th Cir. 2002) ("[t]his Court has held that it is inadequate for a prisoner to allege that he was

> denied a form for a grievance . . . he must show that he attempted to file a grievance without the form").

*Peterson v. Cooper*, No. 1:09-cv-224, 2010 WL 3720207, at *5 (W.D. Mich. July 28, 2010). Here, Plaintiff alleges that he attempted to file a grievance without a form by sending "letter grievances" directly to Defendant Sheriff Napoleon. He has not supplied any documentation in support of this claim, has not described the content of these letters, and has not given any explanation of how they were sent, such as whether they were handed to a guard, smuggled out of the jail and mailed by other inmates who were released, or given to a visitor to mail.

I suggest that Defendant has met his burden of demonstrating that Plaintiff did not comply with the mandatory grievance procedure prior to filing his complaint in federal court, and that Plaintiff's bald assertions that his attempts were thwarted by jail staff and that he sent letter grievances to Defendant Napoleon are insufficient to raise a genuine issue of material fact and overcome the mandatory exhaustion requirement. *See Arbuckle v. Bouchard*, 92 Fed. App'x 289, 291 (6th Cir. 2004) (the plaintiff's "bald assertion that [a corrections officer] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint").

Accordingly, I suggest that Defendant's motion be granted and that the case be dismissed in its entirety for failure to comply with the mandatory prerequisite of exhaustion of administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a).

**b. Claim that Grievance Procedure Not Available Because Issues Affect Entire Prison Population**

Counsel for Plaintiff also assert that no grievance procedure was "available" because the issues Plaintiff sought to raise affected a significant number of inmates, and the jail's operations

manual explicitly states that issues affecting the entire population or a significant number of inmates are not grievable issues. (Doc. 57, Br. at 9-10.)

In *Melton v. Michigan Corrections Commission*, as here, the prisoner-plaintiff had not filed a grievance and sought to be excused from the PLRA's exhaustion requirement by "argu[ing] that his claims [were] non-grievable because the . . . grievance coordinator would consider them as issues that affect the entire prisoner population or significant numbers of inmates." *Melton v. Michigan Corr. Com'n*, No. 07-15480, 2009 WL 722688, at *3 (E.D. Mich. March 17, 2009). The court held that, even if the issues the plaintiff sought to raise affected the entire population, his allegation that his grievance *would have been denied* on this basis was "woefully insufficient" and "actually demonstrate[d] the merit to the defendants' exhaustion argument" by showing that the plaintiff "*never* followed the MDOC grievance procedures." *Id*. I suggest that the same applies here: Plaintiff cannot be excused from the exhaustion requirement by alleging that it *would have been* futile to file a grievance because it *would have been* denied as raising non-grievable issues, as that very assertion demonstrates that Plaintiff failed to follow the grievance procedure.

Accordingly, I suggest that Defendant's motion be granted and that the case be dismissed in its entirety for failure to comply with the mandatory prerequisite of exhaustion of administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a).

**E. Alternate Grounds for Dismissal**

I further suggest that, even if the complaint is not subject to dismissal for failure to exhaust administrative remedies, it is nevertheless subject to dismissal pursuant to this Court's duty to screen all prisoner cases, regardless of the procedural stage of the case, for the failure to state a

claim. 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

To state a claim under § 1983, a plaintiff must allege facts showing that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In the words of the Supreme Court, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 566 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

In this case, the complaint alleged no actions or conduct taken by the sole defendant; instead, it contained a list of alleged unconstitutional conditions. This method of pleading fails to state a claim because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). In addition, to the extent Defendant Napoleon was named because of his supervisory role as the sheriff, I suggest dismissal is still required because Plaintiff has not alleged that Sheriff Napoleon personally participated in, or otherwise authorized, approved or knowingly acquiesced in, allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982).

This recommendation was made in the R&R filed on October 18, 2011. (Doc. 47 at 7-8.) In their response, counsel for Plaintiff re-characterized this recommendation, stating that the R&R

wrongfully "concluded that it was improper for Plaintiff to have named Sheriff Napoleon as a defendant in this case." (Doc. 57 at 11.) Counsel apparently fail to appreciate the distinction between improperly naming a defendant and naming the correct defendant but failing to attribute any action to him. The R&R referred to the latter deficiency, not the former. Counsel acknowledge, however, that Plaintiff failed to "plead that [the] Government-official defendant, through the official's own individual actions, has violated the Constitution," as mandated by *Iqbal*, 566 U.S. at 676, when they state that "[t]hese allegations are *implicit* in Plaintiff's Complaint." (Doc. 57 at 12 (emphasis added).) The Court is unaware of any precedent standing for the proposition that *implying* wrongful conduct on the part of a defendant is sufficient to state a claim under § 1983.

Finally, I suggest that Plaintiff is prohibited from correcting this deficiency through an amended pleading. The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal . . . ."); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009) ("prisoners may not alter or amend their complaints to avoid a summary dismissal"); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). In addition, a plaintiff may not repair a complaint's fatal deficiencies by

correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

Accordingly, I suggest as an alternate ground for dismissal that Plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. §1915e(2)(B).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: June 19, 2012

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Jason Conti, Beth Kerwin, Jennifer Belveal, Marianne Talon, and Joseph Rogalski. A hard copy of the Report and Recommendation, together with the pleadings, was sent to Judge Taylor in the traditional manner.

Date: June 19, 2012

By s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder