UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILSON,

                Plaintiff,

                                  Case Number 10-13396
v.                                 Honorable David M. Lawson
                                 Magistrate Judge Charles E. Binder

BENNY NAPOLEON,

                Defendant.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING
IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS, DENYING
DEFENDANT'S MOTION TO DISMISS, AND DISMISSING COMPLAINT**

        This case is before the Court on the plaintiff's objections to a report filed by Magistrate

Judge Charles E. Binder recommending that the defendant's motion to dismiss be granted.  Plaintiff

Terry Wilson filed this lawsuit seeking damages that he says were caused by his confinement for

a week in the Wayne County Jail, in conditions that were intolerable.  He sued the then-sheriff in

his individual capacity.  The Court referred the matter to a magistrate judge to conduct all pretrial

proceedings.  The defendant filed a motion to dismiss alleging that the plaintiff failed to exhaust

administrative remedies.  An earlier report filed by a magistrate judge recommended dismissal, but

the Court assigned *pro bono* counsel, vacated the report and recommendation, and referred the case

again to a magistrate judge.  The case eventually was reassigned to Judge Binder, who filed his

report on June 19, 2012.  The plaintiff filed timely objections through counsel.

        The facts of the case were taken mostly from the complaint and have been described

adequately in the magistrate judges' reports.  To summarize, the plaintiff alleged in his complaint

at the time it was filed that he was a detainee in the Wayne County, Michigan jail.  The defendant

furnished records confirming that Wilson was arrested on August 18, 2010 and released on August 25, 2010.  The plaintiff's stay at the jail was anything but commodious.  Wilson alleges that while in jail he was: (1) denied  medical care for a serious right eye injury; (2) exposed to growth of black mold within the showering area; (3) exposed to infested cell blocks with mice and insects; (4) denied hot food; (5) denied exercise; (6) exposed to a high incidence within the prison population of both tuberculosis and Methicillin Resistant Staphylococcus Aureus (MRSA); (7) exposed to human feces on the prison cell walls; (8) exposed to prison toilets backed-up and overflowed with feces and urine; (9) denied phone calls; (10) denied access to a law library; (11) denied adequate lighting; (12) denied good ventilation; (13) denied clean drinking water; (14) denied dental treatment for a serious toothache; (15) denied  grievance forms; (16) denied eating utensils; (17) denied any clean changes of clothing; (18) denied cleaning supplies; (19) denied clean sheets, towels or wash clothes; (20) exposed to jail personnel that interfered with his legal and ordinary mail; (21) denied access to a commissary in order to purchase paper, pens, and envelopes needed to file any type of complaint; and (22) forced by deputies to remove a medically needed eye patch.   He contends that those conditions were hazardous and violated his rights under the Eighth, Fourteenth, and Fifteenth Amendments, and that Napoleon is liable under 42 U.S.C. § 1983.

The defendant alleges in his motion that Wilson never filed a grievance over those conditions.  If true, that could be fatal to the plaintiff's case.  The Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory and applies "to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Wilson says that the exhaustion defense does not bar his claim because (1) he was not a detainee at the time he filed his lawsuit, so the PLRA's exhaustion requirement does not apply to him; (2) the conditions about which he complained were general in nature, not specific as to him personally, and there were no administrative remedies available to address such claims; (3) he was denied access to the grievance procedure by jail staff; and (4) despite the obstacles he faced, he did in fact exhaust his administrative remedies by mailing grievance letters directly to Napoleon. The magistrate judge was unimpressed with those arguments.

The Court does not put much stock into the first two arguments, either. As to the first, it is true that if Wilson was not a "prisoner" when he filed his lawsuit, the PLRA would not require him to exhaust his administrative remedies with jail officials. *See Cox v. Mayer*, 332 F.3d 422 (6th Cir. 2003). Wilson points to a clumsy and somewhat vague statement in an affidavit submitted by the defendant in a prior filing (Jeriel Heard, Director of Jails for Wayne County, wrote that "I was the Director of Jails at the time of the first confinement of [Wilson] which began on August 18, 2010 – August 23, 2010 . . . .") to suggest that he had been released before he filed this lawsuit on August 25, 2010. Heard's affidavit is not very illuminating on the point, and Wilson admitted in his complaint that he was a jail inmate. Moreover, the magistrate judge referenced jail records showing that Wilson was not released until August 25 in the afternoon, after his case was filed in this Court. The second argument is equally unpersuasive. A prisoner must pursue the administrative process even if it does not offer the precise relief that the prisoner seeks. *Booth*, 532 U.S. at 741. A prisoner

cannot forego the grievance process altogether based on the belief that he would not be successful. There is no futility exception to the exhaustion requirement. *Id.* at 741 n.6.

The latter two arguments have merit, however. Wilson alleged that he was denied access to the grievance process; that he was refused access to paper, pens, envelopes, and stamps that he needed in order to send mail; and that despite these obstacles he did try to submit his grievances by sending letters to Napoleon about his complaints. That is enough to allow Wilson to survive a challenge to his exhaustion efforts at the motion-to-dismiss stage of the case. Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The Sixth Circuit has held that "[i]f the plaintiff contends that he was prevented from exhausting his remedies[,] the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles v. Andison*, 678 F.3d 452, 458 n.10 (6th Cir. 2012). The magistrate judge was incorrect when he suggested that the exhaustion defense barred the plaintiff's complaint at this stage of the proceeding.

Nonetheless, the complaint cannot proceed against the current — and only — defendant. Despite the fact that Wilson is no longer a "prisoner," the Court still has a duty to screen his case under 28 U.S.C. § 1915(e)(2), because Wilson requested and was granted IFP status. "Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The magistrate judge noted this and recommended that the Court dismiss the complaint *sua sponte* due to Wilson's failure to allege sufficient specific conduct by Napoleon that violated his rights. The Court agrees.

-4-

Although Wilson cites persuasive authority in his effort to mold his complaint into a viable document, the Court is convinced that the actual complaint itself does not state sufficient facts to show individual action by Napoleon or a causal connection between any acts by Napoleon and the conduct that created the conditions about which Wilson complains.  The complaint does allege that Wilson sent Napoleon letters detailing the problems at the jail, from which it is fair to infer that Napoleon knew the conditions existed.  But even if the Court accepts the generous interpretation of the complaint that Wilson urges, he has "implied" at most that Napoleon knew about the jail conditions and did nothing.  Without more specific facts showing that Napoleon had some active role in approving or encouraging conduct that led to the conditions, Wilson cannot state a claim against Napoleon under section 1983.

Knowing of or even directly witnessing unconstitutional conditions and failing to act, in itself, is insufficient to establish the liability of a supervisor under section 1983.  *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (holding that "[s]imply viewing [prisoner] extractions without evidence of more involvement is insufficient to demonstrate that [a prison director] 'implicitly authorized, approved, or knowingly acquiesced' in the use of excessive force against plaintiffs"); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (holding that a plaintiff who "merely claimed that [supervisors] were aware of alleged harassment, but did not take appropriate action" could not recover on a theory of supervisory liability under section 1983).

As mentioned earlier, section 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  The Court agrees with the magistrate judge's assessment of the complaint and concludes that it fails to state a claim.

-5-

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #61] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #62] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #12] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---